# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIE RODRIGUEZ-DIVIS, | Case No. 8:15-cv-00151 |
| Plaintiff, | |
| v. | |
| ARBOR E & T, LLC d/b/a RESCARE WORKFORCE SERVICES | **COMPLAINT** |
| Defendant. | |

COMES NOW Plaintiff, by and through undersigned counsel, and hereby files this complaint against Arbor E & T. LLC d/b/a. Rescare Workforce Services and states and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, and the Nebraska Fair Employment Practices Act, Nebraska Rev. Stat. § 48-1101 *et siq*. ("NFEPA"). Maria Rodriguez-Divis ("Rodriguez") was subjected to retaliation and unlawful termination as result of engaging in protected activity. Defendant discharged the Plaintiff from her employment in substantial part because Plaintiff engaged in protected activity under federal law and under the Nebraska Fair Employment Practices Act.

## II. JURISDICTION AND VENUE

2. This court has original jurisdiction over the claims arising under federal law and concurrent jurisdiction over the state law claims.

1

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and the Court's pendant claim jurisdiction under 28 U.S.C. § 1367 (A.). Venue is appropriate in this district under U.S.C. § 1391 (B) and (C).

### III. PARTIES

3.Plaintiff, Rodriguez is a female who was a resident of Kearney and currently resides Elm Creek, Nebraska. Rodriguez is a former employee of Defendant Arbor E & T, LLC d/b/a Rescare Workforce Services. Rodriguez worked at the Kearney offices of Rescare but also worked in the Grand Island offices of Rescare and worked in other offices of the Defendant in Nebraska during her employment tenure.

4.At all relevant times the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of § 701 (B) (G) and (H) of Title VII, 42 U.S.C. § 2000E-(B), (G) and (H). At all relevant times, Defendant has employed at least fifteen (15) employees.

### IV. ADMINISTRATIVE PROCESS

5.On or about August 26, 2014, Plaintiff filed a charge of discrimination with the Nebraska Equal Opportunity Commission ("NEOC"), Charge No. Neb. 1-14/15-8-45266-RT (EEOC 32E-2014-00770), alleging unlawful employment practices occurring within 300 days or less from the date of the filing of the charge.

6.On or about February 3, 2015, a Notice of Right to Sue was issued to Plaintiff from the United States Equal Employment Opportunity Commission.

### V. FACTUAL BACKGROUND

7. Marie Rodriguez-Divis is a female of Hispanic ethnicity and was employed by the Defendant as a full time Employment Relations Specialist until her discharge from her employment on July 23, 2014. In or around April of 2014, Plaintiff applied for the posted position of a Lead Employment Relations Specialist which would be a promotion from the position Plaintiff held at that time in both responsibility and an increase in salary. Plaintiff was not selected for the position and another female non-Hispanic internal candidate was selected for the promotion. Plaintiff voiced her concerns that the decision to not award her the promotion was in part based on her national origin.

8. Plaintiff specifically complained to Stephanie Morrill, an employee of Rescare with supervisory duties over the State of Nebraska operations, that Rescare had a lack of diversity and that the company blew their chance to promote diversity within the company and specifically that Rescare had no one of color anywhere in the company referring to its Nebraska operations.

9. Thereafter, Plaintiff began being subjected to harassment and harassing behavior in the workplace on the part of her supervisors including Jennifer Brandt. Plaintiff believed that the harassment she was subjected to caused an aggravation of her pre-existing disabling condition and Defendant was aware of her pre-existing disabling condition. Plaintiff told Brandt how stressed she was and that her disability was affected.

10. On or about July 17, 2014, Plaintiff contacted the Nebraska Equal Opportunity Commission for an appointment to make a charge of discrimination. Prior to actually meeting with the NEOC, Defendant terminated Plaintiff's employment on July 23, 2014.

11. Plaintiff performance was satisfactory.

12. In retaliation for her complaints regarding the failure of the Defendant to promote her and/or for seeking to file a charge of discrimination with the Nebraska Equal Opportunity Commission, Defendant was motivated to and did terminate Plaintiff's employment. Defendant knew through its officers and/or supervisors that Plaintiff intended to go to the Nebraska Equal Opportunity Commission to make a charge of employment discrimination and in retaliation for said protected activity on the part of Plaintiff her employment was terminated.

## VI. FIRST CAUSE OF ACTION
## VIOLATION OF THE CIVIL RIGHTS ACT, TITLE VII

13. Plaintiff re-alleges paragraphs 1 through 12 as if fully set forth herein.

14. Plaintiff complained to Defendant about the failure to promote her based on her ethnicity and Defendant was aware that Plaintiff had complained of a lack of diversity in the company and that Plaintiff had scheduled a meeting to meet with the Nebraska Equal Opportunity Commission in order to make a charge of discrimination and thus Plaintiff opposed practices made unlawful by Title VII of the Civil Rights Act of 1964, as amended.

15. Defendant retaliated against Plaintiff because of her complaints in opposition to the failure to promote her based on her ethnicity and her stated intention to bring a discrimination charge against Defendant.

16. Plaintiff's protected activity were motivating factors in Defendant's retaliation against her.

4

17. As a result of the Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including but not limited to mental and emotional distress, fear, anguish, humiliation, embarrassment, lost enjoyment of life, lost wages, benefits, future earnings and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for injuries and damages, for interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as the may be just in the circumstances and consistent with the purposes of Title VII of the Civil Rights Act of 1964, as amended.

## VII. SECOND CAUSE OF ACTION
## VIOLATION OF THE NEBRASKA FAIR EMPLOYMENT PRACTICES ACT
## RETALIATION

18. Plaintiff re-alleges paragraph 1 through 16 as if fully set forth herein.

19. Plaintiff complained to Defendant about the failure to promote her based on her ethnicity and otherwise opposed practices made unlawful by Title VII of the Civil Rights Act of 1964, as amended.

20. Defendant retaliated against Plaintiff because of her complaints and because Defendant was aware she was going to make a charge of discrimination to the Nebraska Equal Opportunity Commission.

21. Plaintiff's protected activity was a motivating factor in Defendant's retaliation against her.

22. As a result of the Defendants' acts, and omissions, Plaintiff has in the past and will in the future suffer damages including but not limited to mental and emotional distress, fear, anguish, humiliation, embarrassment, lost enjoyment of life, lost wages, benefits, future earnings and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate her for injuries and damages, for interest as allowed by law, for attorney's fees, for the costs of this action and for such other relief as may be just in the circumstances and consistent with the purposes of the Nebraska Fair Employment Practices Act.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Marie Rodriguez-Divis, respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of retaliation.

B. Order Defendant to pay Plaintiff back pay, front pay, compensatory damages, consequential damages and liquidated damages in amounts to be proven at trial, and all other affirmative and equitable relief necessary to eradicate the effects of Defendants' unlawful employment practices.

C. Direct Defendant to expunge all negative reports in Plaintiff's personnel file which reports were motivated in part by a desire to retaliate against Plaintiff for her protected activity.

D. Order Defendant to pay Plaintiff punitive damages for its malicious and reckless conduct in an amount to be determined at trial.

E.  Award the Plaintiff a reasonable attorney's fees and expert witness fees.

F.  Award Plaintiff her costs in this action

G.  Grant such further relief as the Court deems necessary and proper.

## IX. JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all matters raised in this complaint.

DATED this 29th day of April, 2015.

          MARIE RODRIGUEZ-DIVIS, Plaintiff

By: /s/ John S. Corrigan
John E. Corrigan, #21242
DOWD HOWARD & CORRIGAN, LLC
1411 Harney Street, Suite 100
Omaha, Nebraska 68102
(402) 341-1020
ATTORNEY FOR PLAINTIFF